IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SAMARA ROSE-MARIE DONOHO, | Civ. No. 6:25-cv-00298-AA |
| Plaintiff, | **OPINION & ORDER** |
| vs. | |
| PATRICIA LYNN JOHNSON, | |
| Defendant. | |

AIKEN, District Judge:

Self-represented Plaintiff Samara Rose-Marie Donoho seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons explained below, the IFP Petition, ECF No. 2, is GRANTED; the Motion for Appointment of Counsel, ECF No. 3, is DENIED; and Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty days from the date of this order to file an amended complaint.

LEGAL STANDARD

Generally, any party that initiates a civil action in a United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). But the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

Page 1 – OPINION AND ORDER

two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

As to the second determination, a district court has the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. To determine whether a complaint states a claim, Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Further, the court need not accept legal conclusions, unsupported by alleged facts, as true. *Id.*

Self-represented (*pro se*) pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A court should

Page 2 – OPINION AND ORDER

construe the pleadings of self-represented plaintiffs liberally and give self-represented plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a self-represented litigant is entitled to notice of a complaint's deficiencies and provided the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id*.

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied by Plaintiff's showing. Plaintiff's IFP Petition is GRANTED.

Plaintiff brings claims under 18 U.S.C. § 1621 and 18 U.S.C. § 1623 against Defendant for "false allegations, malicious perjury, tampering with a witness, false imprisonment, forgery, defamation including social media slander, false report, "not updating Defendant's information, and having Plaintiff's medical records."

Plaintiff alleges that, on May 3, 2022, Plaintiff's daughter, Defendant Patricia Johnson "was granted a stalking order [against Plaintiff] even though [Defendant] admitted she lied in court to get the order." Plaintiff also alleges that "[Defendant] signed [Plaintiff's] name to legal paperwork [and] has [Plaintiff's] medical records and has not turned them in." Plaintiff also alleges that "[Defendant] will not leave me alone[,] and when I see her[,] she calls the police with another fake report."

Under federal question jurisdiction, a federal district court has jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In other words, to hear a case such as this one, in which

both parties reside in Oregon, a Plaintiff must provide the proper federal statute (law) that gives a federal court authority to hear the case.

Plaintiff brings claims under 18 U.S.C. § 1621 and 18 U.S.C. § 1623, which are federal criminal perjury laws. Both of these statutes are criminal statutes that provide for the prosecution of perjury for statements made in federal court or before federal legislative or administrative bodies. Generally, private individuals have no authority to bring claims under criminal statutes. *Schwettmann v. Starns*, 2:23-cv-02442 DJC AC PS, 2023 WL 8284064, *2 (E.D. Cal. Nov. 30, 2023) (explaining that "[a] citizen does not have authority to bring criminal charges, either under state or federal law"). Only the state or federal government can bring criminal charges unless the statute provides what is called a "private right of action" that permits a private individual to sue under that statute. *Wormley v. Hemphill*, 1:19-cv-00747 (CJN), 2021 WL 11670848, at *2 (D.D.C. Mar. 22, 2021) (dismissing a self-represented plaintiff's claims brought "pursuant to various sections of Chapter 18 of the U.S. Code [because] none of those criminal statutes includes an express private right of action").

Here, neither 18 U.S.C. § 1621 or 18 U.S.C. § 1623 provide a private right of action that allows an individual to bring a lawsuit. *See White v. Dietrich*, No. 1:24-cv-01395-IM, 2024 WL 3971140, at *2 (D. Or. Aug. 26, 2024). (dismissing self-represented plaintiff's complaint because "18 § U.S.C. 1621[] is the criminal statute for perjury and does not create a private right of action[]"); *Bush v. Sonoma West Holdings In*c., No. 21-cv-08853-JCS, 2022 WL 526159, at *3 (dismissing self-represented plaintiff's complaint brought under 18 § U.S.C. 1623 because "[c]riminal

statutes in Title 18 of the United States Code are generally enforced solely by the United States, and do not provide for private causes of action for civil liability [and] Section 1623 is no exception to that general rule"). Further, these statutes apply to false statements made under oath in federal, not state, court.

For her other claims, Plaintiff fails to provide the federal statutes that would give the Court authority to hear those claims.

Finally, Plaintiff mentions a "stalking order[,]' which suggests that Plaintiff and Defendant, her daughter, have participated in a state court proceeding and have received a state court judgment—a judgment which Plaintiff seeks to appeal. Federal courts do not oversee or hear appeals from state courts. *See Marlow v. Hotchkiss*, 700 Fed. Appx. 695 (Mem) (9th Cir. 2017) (affirming district court's dismissal of self-represented Plaintiffs' claims because, under the *Rooker-Feldman* doctrine, federal courts are forbidden from hearing a 'de facto appeal' from a prior state court judgment).

Because Plaintiff cannot bring suit under federal criminal statutes 18 U.S.C. § 1621 and 18 U.S.C. § 1623 and fails to cite statutes that would give this Court authority to hear her other claims and because federal courts are barred from hearing appeals of prior state court judgments, the Court dismisses Plaintiff's claims. Plaintiff shall have thirty days from the date of this Order in which to file an amended complaint.

Finally, the Court denies the Motion for Appointment of Counsel. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*,

Page 5 – OPINION AND ORDER

795 F.2d 796, 801 (9th Cir. 1986). But under § 1915, this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). In this case, the Court declines to request volunteer counsel at this time.

## CONCLUSION

For the reasons explained above, Plaintiff's IFP petition, ECF No. 2, is GRANTED; the Motion for Appointment of Counsel, ECF No. 3, is DENIED; and the Complaint, ECF No. 1, is DISMISSED. Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this 4th day of April 2025.

                                        /s/Ann Aiken
                                        ANN AIKEN
                                        United States District Judge