IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SAMARA ROSE-MARIE DONOHO,   Civ. No. 6:25-cv-00298-AA

    Plaintiff,   OPINION & ORDER

vs.

PATRICIA LYNN JOHNSON;
MARGARET KATHERINE JOHNSON,

    Defendants.

---

AIKEN, District Judge:

Self-represented Plaintiff Samara Rose-Marie Donoho returns to the Court with a First Am. Compl., FAC, ECF No. 7, and a renewed application to proceed in forma pauperis ("IFP"), ECF No. 8. For the reasons explained below, Plaintiff's Complaint, ECF No. 7 is DISMISSED with prejudice. Her IFP application is MOOT.

LEGAL STANDARD

Generally, any party that initiates a civil action in a United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). But the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must

determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

As to the second determination, a district court has the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. To determine whether a complaint states a claim, Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Further, the court need not accept legal conclusions, unsupported by alleged facts, as true. *Id.*

Self-represented (pro se) pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A court should construe the pleadings of self-represented plaintiffs liberally and give self-represented plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a self-represented litigant is entitled to notice of a complaint's deficiencies and provided the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. The Court granted Plaintiff's IFP Petition at the time she filed her original complaint.

Plaintiff again brings claims against her daughter and her daughter's girlfriend, but this time under different statutes: 42 U.S.C. § 1983 and 42 U.S.C. § 12101. Plaintiff describes her claim:

> [On] May 21, 2020[,] Patricia had put a queen size mattress in front of the garage door and pulled the car and truck up to the mattress so the door could not be opened at all. When I tried to leave that day to go to an appointment the door would not move and my husband at the time went out to see why the door would not open and that is ho[w] we found out about the mattress and cars. [I] am in a powerchair and the only way I could get out is from the garage door being opened. I could not go out the back door because the door was small and my chair was too big and another reason is because of the spiders all over the place.

Under federal question jurisdiction, a federal district court has jurisdiction over "civil actions arising under the Constitution, laws, or treaties

Page 3 – OPINION AND ORDER

of the United States." 28 U.S.C. § 1331. In other words, to hear a case such as this one, in which both parties reside in Oregon, a Plaintiff must provide the proper federal statute (law) that gives a federal court authority to hear the case.

Plaintiff brings her claim under 42 U.S.C. § 1983 and 42 U.S.C. § 12101. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 does not create substantive rights but instead "provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). Because Plaintiff uses a "powerchair" and alleges that her daughter blocked the garage door and prevented Plaintiff from exiting her house in her "powerchair," the Court infers that Plaintiff alleges that her daughter violated 42 U.S.C. § 12101, the American with Disabilities Act. Plaintiff seeks to sue her daughter for disability discrimination through the mechanism of 42 U.S.C. § 1983. Plaintiff does not allege how her daughter's girlfriend, the other Defendant, was involved in blocking the garage door.

"The state-action element in § 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Courts "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999).

Because Defendants, Plaintiff's daughter and her daughter's girlfriend, are private individuals, not state actors, Plaintiff cannot sue them under 42 U.S.C. § 1983 and 42 U.S.C. § 12101. For this reason, the Court dismisses Plaintiff's claim. This is Plaintiff's second attempt to bring an action under a federal statute for a skirmish with her daughter and her daughter's girlfriend. If Plaintiff believes that Defendants committed a tort against her, she should bring an action in state, not federal, court.

## CONCLUSION

For the reasons explained above, Plaintiff's claim, ECF No. 7, is DISMISSED with prejudice and without service on Defendants. Plaintiff's IFP petition, ECF No. 8, is MOOT.

It is so ORDERED and DATED this 13th day of May 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge